IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONALD ABRAHAM and § | |
| CARMELA ABRAHAM, § | |
|    Plaintiffs, § | |
| § | |
| vs. § | CASE NO. |
| § | |
| SAFECO INSURANCE COMPANY § | |
| OF INDIANA, § | |
|    Defendant. § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Ronald Abraham and Carmella Abraham ("Plaintiffs"), bring this action for breach of contract and insurance bad faith against Defendant Safeco Insurance Company of Indiana ("Defendant" or "Safeco Insurance") relating to claims made under that certain policy of residential property insurance identified and alleged below issued by Defendant to Plaintiffs, who allege to the Court, as follows:

### JURISDICTION AND VENUE

1. Plaintiffs are individuals who, at all times herein mentioned, are residents of Mahoning County, Canfield, Ohio 44406. At all times relevant, Plaintiff were the owners of residential property located at 6800 Pheasant Run Dr. in Canfield, Ohio 44406 (the "Property").

2. At all times herein relevant, Defendant was and is an insurance company with its principle office located in the State of Massachusetts, that is authorized to do business and is doing business in Mahoning County, Ohio as an issuer of policies of residential property insurance to the owners of residences similar to the subject Property owned by Plaintiffs. Defendant is a company engaged in the business of adjusting insurance claims. This includes Plaintiffs' insurance policy which is at issue in the present case. Defendant may be served with Summons and a copy of this Complaint, by serving it through its registered agent CSC - Lawyers Incorporating Service at 50 W. Broad Street, Suite 1800 in Columbus, Ohio 43215, or wherever it may be found.

3. Under 28 U.S.C. § 1441, this Court has jurisdiction over the present matter through diversity jurisdiction and because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## FACTUAL ALLEGATIONS

4. For the policy period in place and relevant to this complaint, Defendant issued to Plaintiffs a policy of residential property insurance identified as an Safeco Insurance policy, designated as policy no. OK6346085 ("the subject policy") insuring its interest in the subject property identified above. In relevant part, in consideration for the premium paid by Plaintiffs to Defendant, Defendant insured the subject property against physical loss, subject to the policy terms and conditions, based upon the actual value of the property, subject to a deductible.

5. On or around March 8, 2017, the Property suffered incredible damage due to storm related conditions. In the aftermath, Plaintiffs relied on Safeco Insurance to help begin the rebuilding process. By and through its policy, Plaintiffs were objectively insured for the subject

losses in this matter. Plaintiffs reported the damage and filed a claim with Defendant, which designated its loss as Claim No. 299429356010 ("the subject claim").

6. Subsequent to Plaintiffs' timely notice of loss to Defendant, Christopher Balla, an adjuster was assigned to conduct an investigation on the Property and its corresponding coverage.

7. To date, Defendant Safeco Insurance has failed to deny or extend coverage for this claim. Since April 21, 2017, there has been no correspondence from Safeco Insurance regarding its investigation or basis for denying coverage, despite Plaintiffs' continued efforts to be compensated for their covered loss.

## COUNT ONE BREACH OF CONTRACT

8. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs. Defendant has materially breached Policy Number OK6346985 by failing and refusing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses under the terms of the subject policy of insurance issued by Defendant to Plaintiffs and in force and effect on March 8, 2017, and in such further manner as hereafter may be ascertained by Plaintiffs.

9. As a direct and proximate result of Defendants' material breach of insurance contract as alleged herein, Plaintiffs have been denied the policy benefits and coverage due under said insurance contract. As further direct and proximate result of Defendant's breach under the subject policy, Plaintiffs have suffered other reasonably contemplated damages, including prejudgment interest as it may be recoverable and awarded by this Court.

10. Plaintiffs have complied with all conditions precedent under the policy to its right to recover insurance proceeds to fully indemnify them for their loss, including but not limited to,

timely payment of all premiums due, the timely reporting of their claim to Defendant, full cooperation with Defendant's investigation of their claim, and generally, full compliance with all other conditions of the policy requested by Defendant, except as to those conditions, if any, that were waived or excused by Defendant, as may hereafter by ascertained.

11. Plaintiffs pray for judgment on this count in an amount <u>in excess of</u> twenty-five thousand dollars ($25,000.00), the exact amount to be determined by a jury at the trial of this matter, plus interest and costs as allowed by law.

## COUNT TWO LACK OF GOOD FAITH

12. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

13. Plaintiffs will show the Court and jury that Defendant's delay in the handling of their claim for the damage of their property is unwarranted, and thus, in bad faith under Ohio law.

14. In adjusting Plaintiffs' claim, Safeco Insurance, through its agents, attorneys, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith because:

   a. Safeco Insurance failed to conduct an adequate and complete investigation of the claim as required by *Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St.3d 552;

   b. Safeco Insurance failed to place the interests of Plaintiff before its own, and Safeco Insurance used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   c. Safeco Insurance hired a non-independent investigator to investigate the claim;

   d. Safeco Insurance forced Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.  Safeco Insurance failed to comply with the requirements of OAC 3901-1-54, Unfair Property/Casualty Claims Settlement Practices;

f.  Safeco Insurance failed to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; and

g.  Safeco Insurance failed to comply with Safeco Insurance's own claim investigation standards and guidelines.

15. Safeco Insurance, through its agents, attorneys, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay the Plaintiffs' claim and delaying such payments. Among other actions:

a.  Unreasonably concluded that no storm damages were present on the Property even though the storm damages located on the roofs were objectively apparent;

b.  Unreasonably concluded that the damages located on the roofing shingles were caused by Plaintiffs' actions or lack thereof; and

c.  Unreasonably denied coverage on the Property even though evidence of storm damage to parts of the Property were reasonably clear.

16. The actions and omissions of Safeco Insurance demonstrate malice, aggravated or egregious fraud, oppression, or insult and Safeco Insurance, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

17. As a direct and proximate result of Safeco Insurance's lack of good faith, Plaintiffs suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and have incurred litigation expenses and attorney's fees.

18. The Plaintiffs pray for judgment on this count in an amount <u>in excess of</u> $25,000 in compensatory damages and an amount <u>in excess of</u> $25,000 in property damage, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

## COUNT THREE PUNITIVE DAMAGES

19. Plaintiffs restate the above allegations as if fully rewritten herein.

20. The acts and omissions of Defendant concerning its treatment towards the Plaintiffs were outrageous, unreasonable, reckless, intentional and/or malicious. As such, Plaintiffs are entitled to the maximum award of punitive damages allowed by law.

WHEREFORE, Plaintiffs Ronald and Carmella Abraham pray for judgment against Safeco Insurance as set forth above, plus interest, costs, punitive damages, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

/s/Stephen G. Whetstone
Stephen G. Whetstone (0088666)
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main St., Unit 2
Thornville, OH 43076
P: 740-785-7730 F: 740-205-8898
steve@whetstonelegal.com
*Trial Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests, pursuant to the Federal Rules of Civil Procedure, a trial by jury of the issues of the within lawsuit.

/s/Stephen G. Whetstone
Stephen G. Whetstone

**INSTRUCTIONS FOR SERVICE**

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE CERTIFIED MAIL SERVICE OF THIS COMPLAINT ON THE ABOVE-NAMED DEFENDANT.**

*/s/Stephen G. Whetstone*
Stephen G. Whetstone